UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADMI INC, TARSIN MOBILE INC., by their CEO, JOSEPH R. CELLURA and JOSEPH R. CELLURA, Individually,<br><br>Plaintiffs,<br>Vs.<br><br>ALLEN D. MOYER and ADMI INCORPORATED,<br><br>Defendants. | Case No: 22-cv-9339<br><br>ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER |

Upon the declaration of Plaintiff Joseph R. Cellura, sworn to pursuant to 28 U.S.C.§ 1746, this 3rd day of November 2022, and upon the copy of the Complaint hereto annexed as Exhibits "A" & "B", it is

**ORDERED**, that the above named defendants Allen D. Moyer and ADMI Incorporated show cause before a motion term of this Court, at Room 435, of the United States Courthouse, located 40 Foley Square, in the City, County and State of New York, on November ___, 2022 at _____ o'clock in the _____ noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining and temporarily restraining the Defendants during the pendency of this proceeding from interfering with the economic interest of Plaintiffs ADMI Inc. and Tarsin Mobile Inc., by contacting or otherwise communicating directly or indirectly in any manner with any of the Plaintiffs partners-affiliates or any other business relationships by holding themselves out as an owner, partner or otherwise claiming an interest or right to control or influence the use of a certain Branded Licensing Agreement the Plaintiffs claim as theirs alone; the subject of which is the hospitality and hotel industry, and otherwise engaging matters concerning Plaintiffs reputation as statements further

identified and referenced throughout of the Plaintiffs' Complaint and by Plaintiff Cellura throughout his declaration incorporated hereat, until further order of the Court; and it is further

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the defendants Allen D. Moyer and ADMI Incorporated are temporarily restrained and enjoined during the pendency of this proceeding from interfering with the economic interest of Plaintiffs ADMI Inc. and Tarsin Mobile Inc., by contacting or otherwise communicating directly or indirectly in any manner with any of the Plaintiffs partners-affiliates or business relationships by holding themselves out as an owner, partner or otherwise claiming an interest or right to control or influence the use of a certain Branded Licensing Agreement the Plaintiffs claim is theirs alone; the subject of which is the hospitality and hotel industry, and otherwise engaging matters concerning Plaintiffs reputation as statements further identified and referenced throughout of the Plaintiffs' Complaint and by Plaintiff Cellura throughout his declaration, until further order of the Court; and it is further

**ORDERED** that security in the amount of $_____ be posted by the Plaintiffs prior to November _____, 2022, _, at ____ o'clock in the _____ noon of that day; and it is further

**ORDERED** that personal service of a copy of this order and annexed affidavit upon the defendants or his counsel on or before _____ o'clock in the _____ noon, of November ____ 2022, shall be deemed good and sufficient service thereof.

DATED:   New York, New York

---------------------------------------
United States District Judge
Hon. Andrew L. Carter, Jr.

- 3 -