UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADMI INC, TARSIN MOBILE INC., by their CEO, JOSEPH R. CELLURA and JOSEPH R. CELLURA, Individually,<br><br>                            Plaintiffs,<br>Vs.<br><br>ALLEN D. MOYER and ADMI INCORPORATED,<br><br>                            Defendants. | Case No.: Number: 22-cv-9339<br><br>**Declaration of Plaintiffs' Attorney Douglas R. Dollinger in Opposition to the Defendants' Rule 12(b)(2) & 12(b)(5) Motions for Lack of Personal Jurisdiction and in Support of Their Discovery- Cross-Motions.** |

Pursuant to 28 U.S.C.§ 1746, Douglas R. Dollinger, Esq., hereby declares as follows:

1.    This declaration is made in support of Plaintiffs' opposition to the Defendants' motion to dismiss (hereinafter "the motion to dismiss") for lack of personal jurisdiction and for insufficient service of process as well as Plaintiffs' cross-motion for discovery and other relief.

2.    Defendants' motion is somewhat perplexing for several reasons. First, it fails to acknowledge the express Agreement between Defendants' Attorney Edward Kerns and Plaintiffs' Counsel or that this Court's stayed the proceedings based on that Agreement. (Plaintiffs' Memorandum Ex. "A" and Dkt-23 &24.) Second the Defendants' California Action established New York has jurisdiction and is the proper venue for the reason as it reads it is nothing more than a compulsory counterclaim under Fed R. Civ. P. 13(a). (Dkt-27.2¶18.)

3.    All telling of the issue that the need to file the California Action was bad faith, a feigned excuse to protect the Defendants, a claim offered by Defense Counsel, is its lack of credibility proven so by their "Special Appearance" in these proceedings as originally agreed. Indeed, based on Counsel's appearance before this Court, it is readily apparent, having brought their action in California it was done for the purpose of forum shopping intended to harass

Plaintiffs given that Defendants were required to respond with an obvious compulsory counterclaim in New York and had agreed to address the matter on notice in New York.

4. Although Defense Counsel Kouri knew of the Court's Stay and the Agreement as the email between Attorney Kerns and Counsel included a copy to him, despite his obvious knowledge of the Agreement he did not advise Plaintiffs' Counsel he was commencing the action in California or that Attorney Kerns was facing a suspension and disbarred order post our Agreement. Counsel only recently discovered the matter, but it explains the deceptions. Attorney Kerns never picked up Federal Express package sent to him containing the pleadings before the Court. His office is permanently closed. There was a complete lack of good faith in failing to do so. (Dkt-38-1.)

5. Far worse, the Declarations in support of their Motion presented on Defendant Moyer's behalf are riddled with inconsistencies, mostly untruthful statements proven so by the record filings before this Court and the California Court. This is especially true when the Court considers the outright admissions present in the California Action and the denials set forth in the Declaration of Defendant Moyer before this Court. (Dkt-27-2¶18 & 41-2.) Each is addressed in the Declaration of Plaintiff Cellura and Plaintiffs' Memorandum in Response to the Defendants' Motion. (Exhibits "A"-"H".)

6. Hopefully, it will not escape the Court's attention, the Defendants' support Declarations are not simply vague, never mentioning the claims set forth in the California Action concerning their business relationship with ABG a New York headquartered company, doing so while unfaithfully claiming no business activity in New York for the past 10 years, with the Court recognizing it as a deception consistent with the fact that the California Action lacks a basic description expressing when and who the Defendant Moyer spoke to at ABG or their position

with the company, together with any factual description or explanation about how Plaintiffs' impersonated the Defendants or that they own the trademarks "ADMI" or any derivative name entitling the exclusive use of the name, especially where the Companies are in different service industries and geographic locations targeting different consumer audiences (Cellura Decl. *Passim.*)

7.  What is apparent and exposed as the truth, although not admitted is Defendants 2021 business relationship with ABG, the proof is overwhelming and establishes the Defendants purposely reaching into New York after Plaintiff Cellura's introduction of Moyer to ABG and now claims a right to be a beneficiary under the ABG Agreement here in New York. Their claims were directed at extorting money-securities from Plaintiffs fraudulently and tortiously or otherwise as they did have done by interference in the ADMI-NV and ABG Agreement.

8.  This Court should also consider the clear avoidance of service considering Moyer's admitted refusal to allow counsel to accept service and his failure to accept the original and now the Amened Summons and Complaint as proof of bad faith. Defendant Moyer is the designated Agent for Service of Process with his address given as 18525Sutter Boulevard, Suite 290 Morgan Hill, CA 95037.

9.  The Office is abandoned without any notice of forwarding address or an amended filing with the California Secretary of State.  (Jose Marin Decl.)

10.  New York is the proper forum and proper venue for this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of September 2023.

_____
Douglas R. Dollinger, Esq. (5922)