UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADMI INC, TARSIN MOBILE INC., by their CEO, JOSEPH R, CELLLURA and JOSEPH R. CELLURA, Individually,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>ALLEN D. MOYER and ADMI INCORPORATED,<br><br>　　　　　　　　　　Defendants. | Case No. 22-cv-09339-ALC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' APPLICATION FOR AN ORDER GRANTING THEM LEAVE TO SERVE PROCESS BY EMAIL**

Respectfully submitted,

　　　　　　　　　　Douglas R. Dollinger, Esq.
　　　　　　　　　　Law Offices of Douglas R. Dollinger, PC
　　　　　　　　　　570 County Rt 49
　　　　　　　　　　Middletown, New York 10940
　　　　　　　　　　Telephone  845.741.9363
　　　　　　　　　　Email ddollingeresq@gmial.com
　　　　　　　　　　Attorney for Plaintiffs

Plaintiffs submit this Memorandum of Law together with the Declaration of their Counsel Douglas R. Dollinger and Exhibits "A"-"D".

## ARGUMENT

**Service of Process by Email is Warranted and Authorized in this Case.**

Service of process must comport with the Federal Rules of Civil Procedure and due process. *See Phillip Morris USA Inc. v. Veles Ltd.,* 2007 U.S. Dist. LEXIS 19780, at *5 (S.D.N.Y. Mar. 12, 2007); *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Basic due process considerations require that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

Rule 4(e) permits service of process on an individual in the United States under the laws of the state where the district court is located. If a state permits e-service, the district court can also authorize it.

Defendant Alan D. Moyer ("Moyer") has communicated with the Plaintiffs through his email account. The Defendants assigned email addresses are: http://www.admii.com-&- amoyer@admii.com. (**Exhibit "A".**)

New York authorizes such service under its Civil Practice Laws & Rules §308 (5) allowing service of process by e-mail or facsimile transmission. While no published California state court opinion has authorized e-service of process under


their Code of Civil Procedure Section 413.30, the statute does provide that if a summons cannot be served using traditional methods, the court may order service in any alternative manner reasonably likely to give notice to the defendant.

Moreover, at least two federal courts have allowed it under Rule 4(e) to permit service by email after using "reasonable and diligent attempts." See *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012); *Miller v. Ceres Unified Sch. Dist.*, No. 1:15-CV-0029-BAM, 2016 WL 4702754, at *3 (E.D. Cal. Sept. 7, 2016).

A New York court authorized service of a divorce summons solely by Facebook under a New York statute that permits courts to fashion a method of service where the plaintiff can demonstrate that personal service, substitute service, or "nail and mail" service are "impracticable." See N.Y. C.P.L.R. 308(5) (McKinney 2017); *Baidoo v. Blood-Dzraku*, 5 N.Y.S.3d 709, 712 (Sup. Ct. 2015).

The court found that personal service was "an impossibility" and that attempting substitute, or "nail and mail" service would be an "exercise in futility." *Baidoo*, 5 N.Y.S.3d at 712-13.  Here there is no evidence of where the Defendant is conducting business.  His offices have been abandoned and closed. **(Exhibit "B".)**  Moreover, the Defendant Moyer appears to be living in a gated community without access which would allow personal service over him or the Defendant Company ADMI-Incorporated. **(Exhibit "C" & "D".)**  Both impracticability and impossibility are apparent in this case.

Despite the extended efforts to serve process, the Defendant, Moyer has, by his intentional acts of avoidance made it impossible to serve him. The effect is that that as the Registered Agent for service of process on behalf of ADMI Incorporated no service can be made.

The Defendants are represented before this Court and in a California Action by Counsel Michael Khouri, Esq. Defendant Moyer has also refused to allow his Attorney to accept service of process for him or ADMI Incorporated.

While service by email is not always orthodox, in these circumstances it is a practical and realistic method for notifying defendants of pending litigation. Email accounts are free, widely used, and accessible anywhere at any time. Furthermore, a Defendants' email accounts account was used and known to the Plaintiffs before this litigation arose.

Due process requires that any service of notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane,* 339 U.S. at 314. Here, email service is the most reliable way of putting Defendants on notice of this action and thus ensure due process.

In this case, Plaintiffs have identified a unique email address listed above and used by Defendant in communication both prior to the commencement of these proceedings and since.

For these reasons, this Court should find that the proposed methods of service comport with due process because they are reasonably calculated to give defendant notice of the suit.

In an abundance of caution, for the reason the Defendants refuse to accept or acknowledge substitute service Plaintiffs' counsel had a copy of the Pleadings delivered to Defendants' Counsel as they appear in these proceeding by personal delivery at the address identified by them and filed on the Court's ECF System.

It serves the interests of justice and the principles of fairness to allow for service in this manner. Accordingly, there is good cause for the Court to grant Plaintiffs leave to serve Defendants with the Amended Summons and Complaint, along with the other papers filed by Plaintiffs in this action via Defendants' email address and by personal service to his attorneys.

## **CONCLUSION**

The Court should grant Plaintiffs' Application for Leave to Serve Process by email on Defendants at their unique email address http://www.admii.com-&-amoyer@admii.com.

Respectfully submitted,

*Douglas R. Dollinger, Esq.*
Douglas R. Dollinger, Esq.
Law Offices of Douglas R. Dollinger, PC
570 County Rt 49
Middletown, New York 10940
Telephone  845.741.9363
Email ddollingeresq@gmial.com
Attorney for Plaintiffs